[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12038

Non-Argument Calendar

_____

ERIC EUGENE MENEFEE, JR.,

Plaintiff-Appellant,

*versus*

JAVIER GARCIA,

an individual,

ZACHARY CANNANDAY,

an individual, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-00938-GKS-EJK

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Eric Menefee appeals the district court's order granting summary judgment to four police officers and a sheriff in his 42 U.S.C. § 1983 action. He argues that the officers were not entitled to qualified immunity for their use of excessive force against him. He also argues that the local sheriff promulgated an unconstitutional policy that resulted in the use of such force. After careful review, we affirm.

## I.

After being arrested on various charges, Menefee was taken to the booking area of the John E. Polk Correctional Facility in Sanford, Seminole County, Florida. While waiting in the booking area, Menefee approached the booking desk to ask about his bond status. At that point, Officer Javier Garcia ordered Menefee to "sit down or he would be immediately placed in a holding cell." In response, Menefee pointed at the officers and told them to "take me to my room."

The incident that followed was captured on surveillance video, although the camera's view of Menefee was sometimes obscured by the officers' bodies. As Officers Garcia and Zachary Cannaday approached him, Menefee locked his arms under the armrests of his chair. He then braced himself as the officers attempted to lift him up or pull his arms out of the chair. In response, Officer Garcia punched him twice in the ribs. After he loosened his grip on the chair, the officers took him to the floor and attempted to handcuff him. Two more officers—Brian Moye and Dawna Santana—came to help subdue Menefee. Menefee pulled his left arm under his body, kicked his legs, and braced a leg against a wall. Officer Garcia punched him more times while he was on the floor. Officer Cannaday also kneed him in the side, and Officer Moye struck him in the leg. Meanwhile, Officer Santana maintained control of his right arm.

After the officers restrained Menefee in handcuffs, they stopped hitting him and took him to a holding cell. Menefee later received medical attention and was found to have experienced pain and bruising from the incident.

Menefee sued the four officers and the Seminole County Sheriff under Section 1983. He alleged that the officers used excessive force in violation of the Fourteenth Amendment, and that the Sheriff promulgated an unconstitutional policy authorizing the use such force. Specifically, he referenced a "Response to Resistance Matrix" that listed "counter moves," "pain compliance," and "take

downs" as appropriate responses to active physical resistance. Concluding that the officers were entitled to qualified immunity and did not violate the Constitution, the district court granted summary judgment to all the defendants. Menefee timely appealed.

## II.

"We review *de novo* the district court's grant of summary judgment." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009). At summary judgment, a court must "draw all inferences in favor of the opposing party 'to the extent supportable by the record.'" *Id.* (emphasis omitted) (quoting *Scott v. Harris,* 550 U.S. 372, 381 n.8 (2007)). But this requirement applies only to genuine disputes over material facts. *Id.* (quoting *Scott*, 550 U.S. at 380); FED. R. CIV. P. 56(a). A genuine dispute exists only if the non-moving party produces "substantial evidence" supporting its factual contentions—a "mere scintilla of evidence" or "metaphysical doubt as to material facts" is not enough. *Id.* (internal quotation marks omitted) (quoting *Scott*, 550 U.S. at 380; *Kesinger v. Herrington,* 381 F.3d 1243, 1249–50 (11th Cir. 2004)). Neither can "mere conclusions and unsupported factual allegations . . . defeat a summary judgment motion." *Whitehead v. BBVA Compass Bank*, 979 F.3d 1327, 1328–29 (11th Cir. 2020) (quoting *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005)).

## III.

Menefee argues that the district court erred in granting summary judgment for two reasons. First, he contends that the officers

are not entitled to qualified immunity for using excessive force against him. Second, he argues that the Seminole County Sheriff is liable for promulgating an unconstitutional policy that caused the officers to use such force. We address each of these arguments in turn.

### A.

When, like here, law enforcement officers act within the scope of their discretionary authority, they are entitled to qualified immunity unless the plaintiff shows "(1) that the defendant[s] violated [his] constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established . . . in light of the specific context of the case, not as a broad general proposition.'" *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017) (cleaned up) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Menefee cites precedent "clearly establish[ing] that government officials may not use gratuitous force against a prisoner who has already been subdued or . . . incapacitated." *See Skrtich v. Thornton*, 280 F.3d 1295, 1303 (11th Cir. 2002). But he cites only precedents in which the plaintiffs did not physically resist at the time the relevant force was exerted. *See, e.g., Galvez v. Bruce*, 552 F.3d 1238, 1244 (11th Cir. 2008); *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008); *Davis v. Williams*, 451 F.3d 759, 767 (11th Cir. 2006); *Bozeman v. Orum*, 422 F.3d 1265, 1271-72 (11th Cir. 2005); *Skrtich*, 280 F.3d at 1299–1300.

6                    Opinion of the Court                    21-12038

Those authorities are inapposite here. The surveillance video establishes that Menefee physically resisted the officers' attempts to subdue him and that they did not use gratuitous force after he was actually incapacitated. Menefee argues that, during much of the surveillance video, the bodies of the officers obscure his behavior from view. But, although the details may not be clear on the video, Menefee's resistance is. He was first on the video speaking and pointing at the officers. When the officers approached him, he sat in a chair and locked his arms under the armrests. The video reflects that, as the officers attempted to pull Menefee's arms out of the chair to handcuff him, Menefee braced and tried to prevent them. After they brought Menefee to the floor, he tensed up, pulled his left arm under his body, and refused to give it to them. He also kicked and tried to brace his leg against a wall. Although some of Menefee's movements are obscured by the bodies of the officers, it is apparent from the video that Menefee resisted throughout the encounter.

Menefee argues that the district court improperly relied on inadmissible incident reports from some of the officers. But all the relevant facts that the district court cited were also contained in the same officers' sworn depositions. And "[w]e may affirm a district court's summary judgment 'on any ground that finds support in the record,' even if it is not the basis articulated by the district court." *Jarvela v. Crete Carrier Corp.*, 776 F.3d 822, 828 (11th Cir. 2015) (quoting *Lucas v. W.W. Graiger, Inc.,* 257 F.3d 1249, 1256 (11th Cir.2001)).

Menefee also argues that the district court failed to consider his testimony. But he provided no substantial evidence that contradicted the officers' account (or, for that matter, the video). In his deposition, Menefee said that he did not recall whether his left arm was under his body and that he was "not intentionally" kicking or resisting efforts to place him in handcuffs. The video reflects that Menefee's left arm was under his body, preventing him from being handcuffed. And Menefee's subjective state of mind during the incident is irrelevant. "The only perspective that counts is that of a reasonable officer on the scene at the time the events unfolded." *Garczynski*, 573 F.3d at 1166. Here, the officers did not violate clearly established law by using force to subdue and handcuff Menefee.

## B.

Menefee also argues that the Seminole County Sheriff promulgated an unconstitutional policy in the form of the Response to Resistance Matrix, which caused his injuries. The officers referenced that matrix to explain the level of force they used. Thus, Menefee argues, the policy was unconstitutional to the same extent as the officers' conduct. We disagree. To hold the Sheriff liable for his policy, Menefee must prove that the policy "constituted deliberate indifference to [a] constitutional right." *See Underwood v. City of Bessemer*, 11 F.4th 1317, 1333 (11th Cir. 2021) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). And he has not done so. His conclusory statement that "the policy . . . was

8                    Opinion of the Court                    21-12038

unconstitutional" is not enough to defeat summary judgment. *See Whitehead*, 979 F.3d at 1328–29.

## IV.

The district court's judgment is **AFFIRMED**.